UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN ROSE SPENCER,

                              Plaintiff,

              -against-

CITY TOWERS LTD; ROBERT
BEROOKHIM; BARRY BEROOKHIM,

                              Defendants.

25-CV-8474 (LLS)

ORDER TO AMEND

LOUIS L. STANTON,  United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Housing Act ("FHA"),

the Americans with Disabilities Act ("ADA"), and the Violence Against Women's Act

("VAWA"). She alleges that Defendants City Towers LTD, Robert Berookhim, and Barry

Berookhim, who are the co-owners of City Towers, rented her an illegal apartment and then

discriminated against her. By order dated November 7, 2025, the court granted Plaintiff's request

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

On March 16, 2026, this action was reassigned to the undersigned.[1] For the reasons set

forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] This matter was reassigned pursuant to the Rules for the Division of Business Among
District Judges of the Southern District of New York.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] In 2020, Plaintiff moved into Defendants' illegally converted apartment, located at 41 West 36th Street, New York. (ECF 1, at 8.) At the time Plaintiff signed her lease agreement, she "was mentally inadequate to make agreements or to comprehend legal documents and procedures[,] making [her] vulnerable to terms and conditions of the transaction altogether."[3] (*Id.* at 9.) On August 20, 2025, the New York City Department of Buildings inspected the apartment and determined that it was an illegal conversion. (*Id.* at 8.)

Plaintiff asserts that Defendant Robert Berookhim ("Robert") raised her rent and she "agreed to this under pressure as he intimidated me, and told me 'the building property rates increase yearly.'" (*Id.* at 9.) Robert asked Plaintiff to clean out other apartments, and one time, offered a month's rent. (*Id.* at 10, 11.)

Plaintiff indicates that "[t]he first violation of harassment and retaliation against me occurred on December 23rd, 2022 when Robert Berookhim turned off the water to my apartment." (*Id.* at 11.) After Plaintiff complained to Robert's brother, Barry Berookhim ("Barry"), Robert "came to the building . . . to allow me to shower on the 2nd floor[.]" (*Id.*) "Because of the Christian holiday, Robert Berookhim wouldn't hire anyone to have the . . . water turned back on, and wasn't able to turn on the water until the next available business day which was December 27th, 2022." (*Id.*)

In 2023, Defendants moved their business to the location of Plaintiff's apartment building, and "the methods they used to intimidate, harass and terrorize me only worsened." (*Id.*

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff alleges that she suffers from Post Traumatic Stress Disorder.

at 12.) For example, they "would linger in the common areas, and outside of the building, and come up to the 5th Floor for no reason, to harass me." (*Id.*)

Plaintiff also experienced harassment from another tenant, who she called the police to report that the other tenant was trespassing in a "restricted area of the attic." (*Id.*) Plaintiff notified Robert, but [n]othing was done." (*Id.*)

In 2024 and 2025, "[t]he most serious and malicious method of harassment and retaliation began," which included Defendants and others "conspir[ing] together to inflict absolute chaos in the building[] by hosting illegal parties overnight, selling alcohol without a license and hiring a live band to perform in the apartment on the 4th Floor, and offering the rooftop as a means to host groups of 20-30 people." (*Id.*) These events "coincided with the . . . City Towers . . . shut[ting] off the heat in the building . . . [which resulted in Plaintiff being] without heat for the duration of the weekend." (*Id.*) Plaintiff "would denounce this method of harassment as domestic terrorism." (*Id.*)

In August 2024, Plaintiff sustained a concussion, after being assaulted, which resulted in her hospitalization. She then "stopped paying rent . . . [and] [a]s a result of the stop payment, the defendant(s) continued to aggravatingly harass, threaten, and retaliate against me in attempt to illegally evict me." (*Id.* at 9.) Plaintiff told Robert, however, about the assault and her "medical condition," but he "discriminated against me, by discrediting [Post Traumatic Stress Disorder] PTSD being legal disability, and retaliated by attempting to illegally evict me on November 26th, 2024." (*Id.* at 13.) On that day, Robert "told me I had 5 days to pay him the arrears or vacate the premises." (*Id.*) Plaintiff accused Robert of fraud after he stated to Plaintiff, "'I have been really nice to you.'" (*Id.*)

4

On February 25, 2025, Barry "sexually harassed [Plaintiff] . . . [when he] grabbed my right buttocks and proceeded to harass me for the rent arrears." (*Id.*) Barry also grabbed Plaintiff's wrist when walking with her. Plaintiff reported the incident to the police. When a detective interviewed Barry about the alleged incident, he stated, "'I may have grabbed it in the past when we were dating, but no no – not now.'" (*Id.*) Plaintiff states that she "never had an intimate relationship[] [with] Barry[.]" (*Id.*) Plaintiff states that the time Barry grabbed her buttocks occurred in 2016, when she "was working as a seamstress/fit model for the defendant(s) on a cash paid basis." (*Id.*)

Finally, Plaintiff indicates that on March 9, 2025, Robert informed Plaintiff that she could not afford to live in her apartment and asked for her mother's phone number. Plaintiff ignored his requests.

## DISCUSSION

Plaintiff asserts claims under the FHA, the ADA, and VAWA. Her allegations, however, do not suggest that Defendants violated these statutes. The Court therefore dismisses these claims but grants Plaintiff 60 days' leave to file an amended complaint.

### A.    Fair Housing Act

The FHA "broadly prohibits discrimination in housing," *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979), based on an individual's race, color, religion, sex, familial status, national origin, or disability, 42 U.S.C. § 3604(a)-(f)(1). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that (1) she is a member of class of individuals protected under the FHA; (2) she suffered "adverse treatment"; and (3) the defendant discriminated against her based on her protected classification. *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks omitted)).

"Sexual harassment claims are cognizable under the FHA and the NYHRL." *Glover v. Jones*, 522 F. Supp. 2d 496, 503 (W.D.N.Y. 2007); *see, e.g.*, *Spavone v. Transitional Servs. of New York Supportive Hous. Program (TSI)*, No. 16-CV-1219 (MKB), 2016 WL 2758269, at \*6 (E.D.N.Y. May 12, 2016) ("Courts in this Circuit have construed section 3604(b) of the FHA to prohibit the creation of a 'hostile environment' by individuals who have control or authority over the 'terms, conditions, or privileges of sale or rental of a dwelling,' similar to the prohibition imposed by Title VII against the creation of a hostile work environment.").

"A plaintiff seeking to state a hostile housing environment claim must allege that (1) she was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile [housing] environment, (2) the harassment was because of the plaintiff's membership in a protected class, and (3) a basis exists for imputing the allegedly harassing conduct to the defendants." *Id.* at \*7 (citations and internal quotation marks omitted).

At the pleading stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (alteration in original, internal quotation marks omitted)).

The Court assumes, for the purposes of this order, that Plaintiff is protected under the FHA because of her sex and disability. With respect to her sexual harassment FHA claim, however, Plaintiff does not allege facts suggesting that Defendants "subjected [her] to harassment that was sufficiently pervasive and severe so as to create a hostile [housing] environment." *Id.* Her allegation that Defendant Barry Berookhim grabbed her buttock on one occasion in relation to her paying her rent arrears does not suggest that he created a hostile housing environment. Even if the Court found that this single incident was severe enough to

suggest a violation of the FHA, Plaintiff also pleads facts suggesting that the incident occurred in 2016.

Moreover, Plaintiff does not allege any facts showing that she suffered any adverse treatment or that Defendants discriminated against her because of her disability. Rather, her complaints regarding Defendants' conduct appear related only to rent increases, noise complaints, security provided at the apartment building, and Defendants' attempts to evict her for not paying her rent. To the extent Plaintiff is asserting that any of this conduct exacerbated her PTSD, she does not state facts suggesting that Defendants treated her differently as a tenant because of her PTSD. Rather, the facts alleged suggest that (1) Plaintiff rented an illegal apartment from Defendants, who turned off her water and heat for periods of time and permitted loud parties; (2) Plaintiff stopped paying her rent; (3) Defendants tried to evict her; and (4) Barry made unwanted sexual advances. These facts do not suggest a violation of the FHA based on Plaintiff's disability.

The Court therefore grants Plaintiff leave to amend her FHA claims to plead facts suggesting that Defendants created a hostile housing environment, by sexually harassing her, and that they discriminated against her in her housing because of her disability.

**B.    Americans with Disabilities Act**

Plaintiff invokes the ADA as a basis for her claims, but this statute does not apply here. The ADA consists of three parts: Title I, 42 U.S.C. §§ 12111-12117, which prohibits discrimination in employment; Title II, 42 U.S.C. §§ 12131-12165, which prohibits discrimination by public entities, such as state and local governments; and Title III, 42 U.S.C. §§ 12181-12189, which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Private landlords and real estate management companies are not subject to the ADA because they are neither public entities

nor are they places of public accommodation. *See, e.g.*, *Bell v. Weinreb Mgmt. LLC*, No. 24-CV-02979, 2024 WL 5247743, at *2 (E.D.N.Y. Dec. 30, 2024) ("Generally, the 'ADA does not apply to private landlords.'") (quoting *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, No. 13-CV-7038, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014)); *Blitz v. BLDG Mgmt. Co.*, No. 20-CV-5462 (RA), 2023 WL 6162295, at *6 (S.D.N.Y. Sept. 21, 2023) ("Neither a private individual nor a residential facility, such as an apartment[,] is either a 'place of accommodation' within the meaning of Title III of the ADA, or a 'public entity' pursuant to Title II.") (quoting *Noe v. Ray Realty*, No. 19-CV-1455 (RA), 2020 WL 506459, at *1 & n.1 (S.D.N.Y. Jan. 31, 2020) (dismissing ADA claims, reasoning that the ADA does not apply to private landlords)).

Plaintiff cannot state ADA claims against Defendants because they are not subject to the ADA. *See, e.g.*, *Blitz*, 2023 WL 6162295, at *6 ("Because Defendants here do not fall within the reach of the ADA, Plaintiff may not bring his ADA claims as a matter of law."). Plaintiff's claims of discrimination under the ADA against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Violence Against Women Act

In 2022, Congress passed the Violence Against Women Reauthorization Act, 15 U.S.C. § 6851, after the Supreme Court struck down the key civil remedy provision included in VAWA. *See United States v. Morrison*, 529 U.S. 598, 627 (2000) (invalidating VAWA's private civil remedy provision as exceeding Commerce Clause authority). The reauthorized VAWA provides a federal civil cause of action for individuals whose intimate images are disclosed without their consent. 15 U.S.C. § 6851(b)(1)(A). Plaintiff does not allege that Defendants disclosed intimate images of her in violation of Section 6851. The allegations of the complaint therefore fail to state a claim under the reauthorized VAWA, and they are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

8

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid FHA claims, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## SDNY FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by completed the City Bar Justice Center's intake form. A flyer with details is attached. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

## CONCLUSION

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court' s Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-8474 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

10

The Court dismisses Plaintiff's ADA and VAWA claims for failure to state a claim. *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:    April 23, 2026
             New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial          Last Name

_____

Street Address

_____

County, City                        State                    Zip Code

_____

Telephone Number                    Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

----

----

----

----

----

----

----

----

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

----

----

----

----

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

----

----

----

----

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7